## T. H. CHAPMAN, Respondent, v. BERTHA A. MINING CO., Appellant.

Springfield Court of Appeals, January 19, 1914.

1. **MASTER AND SERVANT: Injuries: Pleading: Sufficiency: Attacked First After Verdict.** In an action for injuries to a servant, petition examined and *held* sufficient, no objection thereto having been made until after verdict.

2. ———: **Negligence: Evidence.** In an action by a servant for injuries received in throwing a belt off a pulley, the machinery being in motion, evidence reviewed and *held* sufficient to justify verdict for plaintiff.

3. ———: ———: **Defect in Appliances Furnished: Master's Imputed Knowledge.** Where a master by the exercise of ordinary care could have known of a defect in certain appliances on account of which the servant was injured, want of knowledge of the defect on the part of the master cannot be regarded as a defense.

4 ———: **Defective Appliances: Proof of Defectiveness.** Where the evidence showed that an appliance which caused the servant's injury was in the same condition several days after the injury as it was at the time thereof, the testimony of witnesses as to its condition several days thereafter was properly admitted.

5. **INSTRUCTIONS: Personal Injuries: Damages.** In an action by a servant for injuries occasioned by an alleged defective appliance, where the evidence showed that the hearing of the plaintiff, which prior to the injury was defective, was thereby rendered more defective and that the plaintiff's eyes were also injured by the accident, an instruction permitting recovery for permanent injuries was properly given.

Appeal from Jasper County Circuit Court, Division Number Two.—*Hon. D. E. Blair,* Judge.

AFFIRMED.

*R. M. Sheppard, R. F. Stewart* and *J. P. McCammon* for appellant.

(1) The petition does not state facts sufficient to constitute a cause of action, and is not sufficient to support the verdict and judgment herein. Yogue v. Railroad, 112 S. W. 985. (2) In an action for negligence, plaintiff must show not only the negligence, but that defendant's act caused the injury complained of. Harper v. Terminal Co., 187 Mo. 575; Deschner v. Railroad, 200 Mo. 310. (3) The court committed error in instructing the jury that, in assessing plaintiff's damage, they might take into consideration the nature and extent of plaintiff's physical injuries, whether temporary or permanent, there being no evidence whatever in this record that plaintiff's injuries were permanent. Esque v. Railroad, 157 S. W. 1065; Murray v. Railroad, 101 Mo. 206; Cobb v. Railroad, 149 Mo. 630.

*R. A. Mooneyham* for respondent.

(1) The petition states a cause of action and is certainly sufficient after a verdict. (2) A demurrer admits the truth of every particle of the testimony offered by the plaintiff and every inference that can be reasonably drawn therefrom, in favor of the plaintiff. Hatch v. Railroad, 208 Mo. 581; Kinlen v. Railroad, 216 Mo. 145; Pittham v. Scaitham, 127 Mo. App. 29; Miely v. Railroad, 215 Mo. 567, 585.

ROBERTSON, P. J.—Plaintiff obtained a judgment against the defendants in the circuit court for $250, on account of personal injuries received at the

mining plant of the defendant on or about September 11, 1912, and the defendant has appealed.

As grounds for his recovery plaintiff alleged that he. was what is called a helper to the jig man in defendant's mill when the foreman therein directed and ordered him to throw a certain belt off of a pulley while the machinery was in operation; that the belt was twelve inches in width and had been spliced with a piece of belting of the width of about ten inches, so that there was an offset and unevenness in the belt and that while endeavoring to throw said belt off by means of an iron bar, the only accessible instrument therefor, the belt caught the bar in such a manner as to cause it to strike him on the left side of his head and on his left ear and jaw, bruising his face and destroying the hearing in his left ear, for which he asked damages in the sum of $5000.  The trial was to a jury.

It is insisted by the appellant here that the petition does not state facts sufficient to constitute a cause of action; that the allegation of negligence in the petition, which was submitted to the jury under instructions, was that the belt had been spliced in one place with a piece of belting so that there was an offset and unevenness in the belt at that point, but that there is no allegation in the petition that the accident resulting in the plaintiff's injury was caused by this defect in the belt.  The belt was about forty feet in length and twelve inches wide.

The appellant contends that there is no evidence in the record which shows that there was an offset in the belt at the time of the accident; that even if there was a defect in the belt there is no evidence in the record that the defendant had any knowledge that said defect existed, and that it was incumbent on the plaintiff to show that the bar caught in the offset in the belt.

Complaint is also made that the court erred in refusing to strike out evidence of a witness who tes-

tified that he had no knowledge as to the condition of the belt at the time the plaintiff received his injuries.

Error is assigned upon an instruction which submitted to the jury plaintiff's right to recovery for any alleged permanent injuries.

It is also claimed that the verdict is excessive.

Upon the contention of the appellant that the petition does not state facts sufficient to constitute a cause of action, we are of the opinion that it does.

There was no demurrer filed to the petition and no objection made to the introduction of any testimony because the petition did not state facts sufficient to constitute a cause of action; and the petition, construed in the liberal manner in which it is our duty to construe it, under these circumstances, does allege the defect in the belt—that there was an offset and unevenness in the belt, and that by reason thereof the belt struck the bar in plaintiff's hand, causing it to hit him on the left side of the head.

The contention that there is no evidence in the record that shows that there is an offset in the belt must be resolved against the appellant. There is sufficient testimony from which the jury may have believed that there was an offset in the belt and that the offset caught the iron bar in plaintiff's hands and caused the injury of which plaintiff complains. The plaintiff himself testified that he does not know exactly how the accident occurred and did not know a great deal as to the condition of the belt, but he does testify that while he had the bar, the "spud" as he calls it, against the edge of the belt, prying against it, that without any warning the bar was jerked against him. Other witnesses testified that the belt had been patched by placing the ends of the belt together, or nearly together, and placing thereon, on the side opposite to that which ran on the pulley, a piece of an old belt, or what they called a "scab," which was bolted to each end of the spliced belt. Plaintiff testified that "the

way the belt was put together and that scab, when the scab came around it hit the spud.'' One witness testified that where the scab was placed one end of the belt was one size and the other end of another size, thus making, as he said, about an inch jog on each side. Another witness testified that there was ''a little jog in the belt,'' where it was spliced. One witness testified that the jog in the belt was caused by the ends of the belt not coming together, and that the scab was not on straight, that is, it did not come flush with the side of the belt where the plaintiff was using the bar and, consequently, when that portion of the belt reached plaintiff's bar it would naturally slip over the bar and jerk it as the plaintiff claims it was jerked. He said, ''The scab was not flush with the outside of the belt at all.'' Upon cross-examination it was disclosed that what he designated as the outside of the belt was the side where plaintiff was prying at the time the accident occurred. This testimony, if believed by the jury, clearly justified the verdict. It is also clearly apparent from this testimony that if defendant did not know of this defect, the jury was justified in believing that by the exercise of ordinary care it could have known of it, so that the insistence of want of knowledge on the part of the defendant cannot be regarded as a defense.

The testimony which it is claimed the court erred in refusing to strike out, is that of a witness who testified that he observed the belt several days after the accident; but, as there is ample testimony to the effect that the belt was in the same condition when he observed it as it was at the time of the accident, that objection is resolved against the appellant.

What we have said relative to the testimony and the sufficiency of the petition disposes of any objections to the instructions, except the objection made to the instruction which submitted to the jury the measure of damages and told them that, ''The jury may

take into consideration the nature and extent of the physical injury, if any, whether temporary or permanent, as shown by the evidence on account of the injuries mentioned in evidence, not exceeding, however, the sum of $5000.'' In giving this instruction, there was no error as there was ample testimony on which to base the question of permanent injury. The record discloses that when the bar struck plaintiff it knocked him five feet and caused a lump to rise on the side of his head, ''as large as an egg,'' and that the hearing, which has always been bad in that ear, has become considerably more defective if not totally lost, and that his eyes are also affected by reason of the injury. Under this testimony, he had a right to have submitted to the jury the question of whether or not he had suffered any permanent injuries. It appears, however, that the jury allowed him little, if anything, for permanent injuries.

The case having been fairly submitted to the jury and perceiving no error in the trial of the case, the judgment is affirmed. *Sturgis* and *Farrington, J. J.,* concur.